**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

| | |
|---|---|
| Todd Michael Schultz, <br><br> PLAINTIFF(S) <br><br> v. <br><br> Elon Musk, <br><br> DEFENDANT(S) | **CASE NUMBER** <br><br> 2:24-cv-00545-JAK-DTB <br><br> **ORDER ON REQUEST TO PROCEED** <br> *IN FORMA PAUPERIS* <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

January 24, 2024                          */s/ John A. Kronstadt*
_____        _____
Date                                              United States District Judge

CV-73 (07/22)    **ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)**

On January 19, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (Dkt. Nos. 1, 3.) Plaintiff alleges that Defendant violated due process and the Civil Rights Act of 1964 by obstructing Plaintiff's campaign for United States President. (Dkt. No. 1 at 1.) Specifically, Defendant allegedly "obscured" and engaged in "interference" with Plaintiff's social media account because he disagrees with Plaintiff's views, and had the account "shadowbanned." (Id. at 3, 6.) Plaintiff seeks to be "unshadowbanned" and two million dollars in damages. (Id. at 7.)

Because Plaintiff seeks to proceed in forma pauperis, the Complaint has been reviewed for whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Complaint fails to state a claim on which relief may be granted.

First, Plaintiff has failed to state a due process claim because Defendant is a private party, not a state actor. See Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (a party charged with the deprivation "must be a person who may fairly be said to be a governmental actor" because "[42 U.S.C.] § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong").

Second, Plaintiff has failed to state a claim under Title II of the Civil Rights Act of 1964 because Twitter, or X, is not a place of public accommodation. See Lewis v. Google LLC, 851 F. App'x 723, 724 (9th Cir. 2021) (Google and YouTube are not places of public accommodation); see also Hall v. Twitter, Inc., 2023 WL 3322952, at *4 (D. N.H. May 9, 2023) (Twitter and other online services are not places of public accommodation) (citing cases). Moreover, even if it is assumed that Twitter were a place of public accommodation, Plaintiff still would have failed to state a claim, because he alleges discrimination based on his views, not "on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a); see also Hall, 2023 WL 3322952, at *4 (political views are not protected by Title II of the Civil Rights Act); Wilson v. Twitter, Inc., 2020 WL 5985191, at *2 (S.D. W.V. Sept. 17, 2020) (sexual orientation is not protected by Title II of the Civil Rights Act) (citing cases concluding the same as to age and sex).

For these reasons, the Complaint is dismissed.

Finally, leave to amend is not warranted. The Complaint suggests no state action whatsoever. See Price v. State of Hawaii, 939 F.2d 702, 707 (9th Cir. 1991) (holding that a claim against private parties was properly dismissed at the pleading stage where there was not "a whisper of a suggestion" of state action); see also Doe v. Google LLC, 2022 WL 17077497, at *4 (9th Cir. 2022) (holding that amendment would be futile where there was no apparent amendment that could provide the facts necessary to establish state action). The Complaint also suggests no possibility that, with additional factual allegations, Plaintiff could state a claim under the Civil Rights Act of 1964. See Parents for Privacy v. Barr, 949 F.3d 1210, 1239 (9th Cir. 2020) (where the defect is not the lack of sufficient factual allegations, but rather the fact that the "legal theories fail," then "amendment would simply be a futile exercise"). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed with prejudice. See Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1725 (2020) (Title 28 U.S.C. § 1915(e)(2)(B)(ii) grants a district court authority to dismiss a complaint for failure to state a claim with prejudice).